Judge Cask
delivered his opinion.
This is a suit brought for freedom, by the plaintiff, as having been imported contrary to the provisions of the act of 1792. By that act, slaves imported into the State, and remaining twelve months, are declared free. But it is provided, that the act shall not extend to a person removing *661 into the State and becoming a citizen, “if, within sixty days after such removal, he take the oath prescribed, before some justice of the peace.” The question here was, whether that oath had been taken, and in due time. To prove this, the defendant produced a certified copy from the records of Berkeley, of an oath taken by Keith, the former owner of the slave, bearing date the 19th of January, 1796, and in the precise words of the law. He proved also by a witness, that Keith removed into the State after the 1st of January, 1795; but whether in the year 1795 or 1796, the witness, did not know. Upon this evidence, the Court was moved to instruct the jury, that after such a lapse of time (the suit being brought in 1823,) they ought to presume that, that which appeared to have been done, had been rightly done, until the contrary appeared by rebutting such presumption; which the Court did do; and if they had stopped here, there could be no doubt of the correctness of the instruction. The defendant would' have had the benefit of the presumption, in the first place; and the plaintiff would have been left free to rebut it by any evidence he could produce.
But the Court went further, and instructed the jury, that “ if the oath had been made before the plaintiff had remained altogether a whole year in the State, it was a sufficient compliance with the law, it being, in this respect, directory.” Here, I think the Judge was palpably wrong. The law is not directory at all. It leaves the importer perfectly at liberty to take the oath or not. It says that the slaye shall be free; but that the law shall not extend to the importer becoming a citizen, “if within sixty days, he take the oath;” making this the condition by which he may save the forfeiture. If the importer suffer the sixty days to elapse, without taking the oath, he cannot take it with effect afterwards. To say that he can, would make the law restricting him to sixty days, a dead letter. If the importer fail to take the oath within sixty days, I see no possible chance of his escaping the forfeiture, except by *662 removing the slave out of the State before the end of the year. If he remain twelve months, and there has been no oath taken within the sixty days, he is free, or the law is a senseless jargon.
I am clear, therefore, that the Judge misdirected the jury, and that the judgment should be reversed, and the cause sent back for a new trial, upon which no such instructions as those last above mentioned, are to be given.
The other Judges concurred.*